SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**PAUL T. MALONEY, OSB #013366**
Assistant United States Attorney
Paul.Maloney@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:24-cr-00391-IM-6** |
| **v.** | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **JESUS ANTONIO RUIZ AISPURO,** | |
| **Defendant.** | |

Defendant is before the Court for sentencing for his role within a firearms trafficking conspiracy. Defendant and others conspired to transport and transfer a load of firearms from Portland to Mexico. They had concealed 12 firearms in the spare tire compartment of a vehicle, and defendant recruited a co-conspirator to drive the firearms southward. Defendant and others arranged for the guns to be left with an unidentified co-conspirator in California who was to smuggle the guns into Mexico.

/ / / /

/ / / /

# I. SENTENCING CALCULATIONS

## A. Plea Agreement and PSR Guideline Calculation

The government's guideline calculation is largely consistent with the Presentence Report (PSR).

| Provision | Description | Offense Level Calculation |
|---|---|---|
| USSG §2K2.1(a)(4) | Conspiracy to Traffic Firearms, Involving Semiautomatic Firearm Capable of Accepting a Large Capacity Magazine and Convicted Under 18 U.S.C. § 933 | **BOL = 20** |
| USSG §2K2.1(b)(1)(B) | Possession of 8 to 24 Firearms | +4 |
| USSG §2K2.1(b)(4) | Stolen Firearms | +2 |
| USSG §2K2.1(b)(6)(C) | Intent to Transfer to Individual Who Intended to Use or Dispose of Firearms Unlawfully | +5 |
| | **Adjusted Offense Level** | **31** |
| USSG §3E1.1 | Acceptance of responsibility | -3 |
| | **Total Offense Level (before variance)** | **28** |

PSR ¶¶ 44-57.

Pursuant to the plea agreement, the parties have agreed to a base offense level of 20. USSG §2K2.1(a)(4). The parties have agreed that the defendant qualifies for a four-level enhancement for possessing between 8 and 24 firearms pursuant to USSG §2K2.1(b)(1)(B). The parties have further agreed that two levels are added for possessing a stolen firearm. USSG §2K2.1(b)(4)(A). The parties have agreed that five levels are added under USSG §2K2.1(b)(6)(C) for transferring more than two firearms to a person who intends to use or dispose of the firearm unlawfully. The parties have agreed that the defendant does not qualify for the zero-point offender adjustment under USSG §4C1.1. Defendant was a full participant in the conspiracy. He was neither a leader nor organizer. No role adjustment is warranted.

Investigators lawfully intercepted communications between co-defendant Hugo Roman Aparicio (Aparicio) and another unidentified individual wherein Aparicio indicated the guns

were needed in Mexico "for the civil war." Investigators believe this was a reference to cartel violence. Defendant was not a party to that communication, however in multiple recorded communications with Aparicio, defendant clearly intended for the guns to be transported to Mexico to gain favor with a drug trafficking organization to supply defendant and Aparicio with narcotics to sell in Oregon. Accordingly, the conspiracy included individuals who intended to transfer the firearm to an individual who intended to use or dispose of the firearm unlawfully so the PSR properly includes the +5 enhancement under USSG §2K2.1(b)(6)(C) as part of the relevant conduct.

Pursuant to the plea agreement, the government recommends a three-level reduction for defendant's acceptance of responsibility. USSG §3E1.1.

The PSR correctly calculates the defendant's criminal category of II (three points), which produces an advisory guideline range of 87-108 months' imprisonment prior to any variance. The government has agreed to a variance for all 3553(a) factors including defendant's agreement to resolve this complex case without needless motions or delays as detailed in the confidential supplement to the PSR.

### B. The Recommended Sentence

Pursuant to the plea agreement, the government has agreed to recommend 37 months' imprisonment to be followed by three years' supervised release. This sentence is sufficient, but not more than necessary, to achieve the goals of sentencing.

## II. ARGUMENT

### A. Factual Summary

The PSR writer accurately summarized the relevant facts of the government's investigation. PSR ¶¶ 27-39. In summary, defendant and others conspired to transport a vehicle

containing 12 firearms concealed in the spare tire compartment from Oregon to California. Defendant recruited the driver, codefendant Freddy John Bish, to smuggle the guns into Mexico. When Bish declined to drive them any further than California, defendant and codefendant Hugo Roman Aparicio arranged for Bish to deliver the guns to an unidentified co-conspirator in Central California, who would take possession of the guns and make arrangements to smuggle the guns to unidentified individuals in Mexico.

Investigators were lawfully monitoring communications between other members of the conspiracy. Codefendant Hugo Roman Aparicio (Aparicio) was the target of a DEA wiretap investigation. Investigators intercepted communications between Aparicio and defendant. From these communications, DEA task force investigators discovered the men were scheming to transfer the firearms to individuals in Mexico to foster good will for future drug transactions. The defendant brought Bish into the conspiracy to drive the weapons.

After Bish left Oregon and arrived in California, defendant and Aparicio expressed frustration with Bish's increasing lack of communication. They were angry that Bish had left with the firearms and concerned that Bish would not deliver the guns as agreed.

Investigators were extremely concerned about these developments and took immediate steps to locate Bish, disrupt the scheme, and seize the weapons. Investigators alerted California Highway Patrol (CHP) to the danger and provided law enforcement authorities in California with information about Bish's location. CHP troopers found the car Bish was driving, developed independent probable cause to stop defendant and lawfully seized the weapons. Below are images of the weapons as they appeared in the spare tire compartment:



Below is an evidence image depicting the guns after they were seized:



On December 4, 2024, the defendant was arrested after the grand jury returned the Superseding Indictment. On July 22, 2026, the defendant agreed to plead guilty to Count 2 of the Superseding Indictment.

### B. 37 Months' Imprisonment is Sufficient but Not More than Necessary

Defendant was not a leader/organizer in this conspiracy. Rather, defendant was an ordinary participant, so no role adjustment is necessary. As detailed in the confidential supplement to the PSR, defendant has received many sentencing concessions despite the dangers presented by the firearms he had agreed to transport.

After all other reductions, including a three-level reduction for acceptance of accountability, and an agreed upon downward variance, the government recommends a sentence of 37 months' imprisonment with three years' supervised release. This sentence is sufficient but not more than necessary to achieve the goals of sentencing.

The plea agreement in this case, and the recommended sentence accounts for the defendant's role in the scheme and balances that against the dangerous firearms he was trafficking to others for unlawful disposal. For these reasons, in addition to those detailed in the government's confidential supplement to the PSR, a sentence of 37 months' imprisonment and three years' supervised release is more than warranted for defendant's offense.

### C. Forfeiture

Pursuant to the plea agreement, the defendant knowingly and voluntarily forfeits all right, title, and interest in and to any assets which are subject to forfeiture pursuant to 21 U.S.C. § 853, including:

- A white/black AR style rifle with no identifying marks or serial numbers;
- A black Radical firearm AR style rife, serial #20-048664;

- A brown/black SKS rifle, serial #2100251;
- A black/gray Palmetto State Armory rifle, serial #P1061889;
- A black SKS rifle, serial #102187150;
- A gold/black unknown make rifle, partial serial #2419;
- A black Springfield Armory rifle, serial #ST454972;
- A black Ruger handgun, serial #309-39129;
- A black Sig Sauer handgun, serial #B127336;
- A black Smith & Wesson handgun, serial #CVP8002;
- A black/white revolver, serial #E34071;
- A black/red Taurus handgun, serial #NAP62212;

and all associated ammunition and accessories, which were involved in and used to facilitate defendant's criminal activity in violation of Title 19, United States Code, Section 933(a)(3), as set forth in Count 2 of the Superseding Indictment.

## III. CONCLUSION

Based on the foregoing, the government recommends that this Court impose a sentence of 37 months' imprisonment and order defendant to pay a $100 fee assessment, followed by a three year term of supervised release, subject to the standard conditions.

Dated: October 28, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*__/s/ Paul T. Maloney__*
PAUL T. MALONEY, OSB #013366
Assistant United States Attorney